Gholson, J.
No point has been made in this court as to the-form in which the court below passed upon the sufficiency of the-answer. The exception to the answer appears to have been regarded by the parties as a proper substitute for a demurrer, which-was not then allowed by the code, but which, by a now provision,, is now permitted. We-shall proceed to consider the case as if a. general demurrer had then been allowed and had been filed.
It is claimed by the counsel for the defendant in error that the-answer was framed to make out a defense under the fifth section of an act of the 19th of March, 1850, “to restrain banks from *373 ■taking usury,” and that its sufficiency must be determined in view of that section. The fifth section of the act provides that “the kliscount or purchase by any banking institution in this state of any note or bill of exchange on time, or other evidence of debt on time, payable at a place without the state, when the officer or agent of such bank knows, or has reason to believe, that the partios to such paper will not bo prepared, or do not intend to pay the same at the place of payment, or when any device is resorted to in order to secure to said bank a greater profit than it could realize from the discount or purchase of such paper if made payable at its own counter, *shall be deemed usurious and unlawful within the meaning of this act.”
It is argued that to bring a defense within this section, there must be a positive averment that the parties, at the time of the discount, were not prepared, and did not intend to pay.. Now, as to the preparation for payment, wo do not think the language sustains this argument. It is “will not be prepared,” and contemplates a ■state of preparation at the time and place of payment, and not at the time and place of discount. Thus understood, the fact that the parties were not prepared to pay is sufficiently clear from the pleadings. In an action upon the bill, which they certainly did not pay, a formal allegation that they were not prepared to pay at the time and place of payment can hardly be deemed proper, much less essential.
It is stated in the language of the statute that the officers of the bank had reason to believe that the parties would not be prepared to pay the bill. It is claimed that the facts or circumstances showing this reason to believe, must be disclosed and set forth in the .answer, or it is fatally defective upon a general demurrer. The facts and circumstances, from a which a reason to believe that the parties would not be prepared to pay the bill might be infei’red, must necessarily be such as were known to the officers of the bank. Facts or circumstances not known could furnish no reason to believe. The general allegation points to the subject-matter as to which a belief is to be entertained, and as the facts and circumstances might verjr probably be numerous and more or less minute and detailed, the rule which dispenses, in many instances, with the setting forth such facts and circumstances, when in the knowledge of the other party, may properly apply in this case. The defendants may know all the facts and circumstances bearing upon their *374 preparation to pay the bill, bnt they can not be supposed, to know as well as the officers of the bank which of them had come to the knowledge of those officers. In ordinary cases, no surprise would(be likely *to result from a general allegation; and in particular cases, if the purposes of justice should so require, the court would have a discretion, upon a motion for the purpose, to require-the facts and circumstances relied on to be disclosed in the pleading..
It is also claimed that the bank, having been incorporated previous to the act of the 19th of M.arch, 1850, can not be affected by that act; that it had the right to discount bills of exchange upon-banking principles and usages, subject only to the restriction, that,, on such discounting, it shall not take more-than six per cent, interest in advance. Admitting this position to be otherwise tenable,, it necessarily assumes that the transaction- disclosed in the answer was a discounting upon banking principles and usages, and not, as is alleged, a device to exact usurious interest. The statements in the answer are quite general and indefinite, and a motion to make them definite and certain ought, probably, to bo sustained. But being liberally and favorably construed, and taken in connection with the form of the instrument upon which the action is brought,, and particularly in view of the stipulation that a judgment might, be entered for statutory damages at the rate of six per cent., on the failure to pay, an event shown to be in the contemplation of the parties, we do not think the assumption upon which the argument is based can be sustained.
The statements in the answer showing a defense as against the-Bank of Circleville, is any further statement required to constitute-a defense against the claim of the plaintiff, as indorsee of the bill of exchange? Where the illegality alleged affects both the consideration and the security, and there is no saving of the rights of an innocent holder of the security, the statements of a defense-need go no further than to show such illegality. But, if the holder of the security may recover in an action upon it, notwithstanding an illegality in the consideration, the statements might be true and yet show no defense; and, ^according to the established rules of pleading, there must be some averment affecting the title-of the the plaintiff. This averment is sometimes negative in its character, as a want of consideration, and does not affect the order or burden of proof. A party may thus be required to allege, in *375 his pleading, a fact as to which the order of proof would require evidence to be first adduced on the other side.
It is not necessary to decide whether the illegal act of a bank in taking more than six per cent, interest, contrary to its charter, affects both the contract of loan and the negotiable security taken as the evidence of indebtedness. Eor, considered either way, we are satisfied that, although the answer is silent as to the title of the plaintiff, and the mode in which it was acquired, there is enough in the petition itself to authorize an inference that the plaintiff was not the holder of a bill of exchange, taken for value and in the usual course of trade, and that of this inference the defendants may avail themselves to sustain their answer against a general demurrer.
The instrument upon which the action is brought is not in the ordinary form of a bill of exchange, intended for negotiation in the market. It is under seal — it embodies a power of attorney to confess a judgment, in itself not negotiable, and on the face of the instrument there is not only a waiver of acceptance, but an agreement to dispense with demand, notice, and protest. And this instrument is indorsed to the plaintiff by a bank without recourse. We think these circumstances shown by the petition, being taken in connection with the statements in the answer, a court or a jury might well say that the plaintiff was not a holder for value in the usual course of trade. Roxborough v. Messick, 6 Ohio St. 448-458. And, therefore, a court would not be able to say, with the clearness and certainty required to strike out an answer for insufficiency, or to sustain a general demurrer, that, in no view of the statement in the pleadings was there a defense to the action.
*It has been suggested that since the petition in error was filed, and during its pendency in this court, the defendant in error, the administratrix of William Sorrels, has married, and her powers as administratrix have ceased, and. that one of the plaintiffs in error, A. P. Perrill, has been appointed administrator de bonis non of William Sorrels, and now represents his estate. We do not think this change of parties precludes a disposition of the petition in error. A. P. Perrill is a party in the case, and the position he has taken during its pendency ought not to affect the right of the other plaintiffs in error to the judgment of the court. The judgment of the court below being reversed, and the case remanded for further *376 proceedings, what effect the present position of A. P. Perrill will have on the further prosecution of the case, we need not decide.
The judgment must be reversed.
Biiinkerhoee, C. J., and Scott, Sutliee, and Peck, JJ., concurred.